UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH MANUEL GALLEGOS and EDUARDO SANDOVAL, JR.,<br><br>　　　　　Defendants. | Case No. 4:16-CR-209-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter having come before the Court on Plaintiff's Motion for Preliminary Order of Forfeiture (ECF No. 32), and based upon the record and filings herein, and the Rule 11 Plea Agreements of JOSEPH MANUEL GALLEGOS (ECF No. 19 – filed October 4, 2016) and EDUARDO SANDOVAL, JR. (ECF No. 20 – filed October 7, 2016), by which the defendants pled guilty to violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), said pleas providing for forfeiture of any and all interests the defendants possessed in the Subject Property pursuant to 21 U.S.C. § 853(a)(1) and (2);

NOW, THEREFORE, IT IS HEREBY ORDERED, that the United States' Motion for Preliminary Order of Forfeiture (ECF No. 32) is GRANTED and the defendants shall forfeit to the United States any property constituting proceeds of,

PRELIMINARY ORDER OF FORFEITURE - 1

or involved in or used in commission of, the defendants' violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), to include, but not be limited to, the following property (hereinafter "Subject Property"):

**Subject Property**:

A.    <u>Cash Proceeds (Money Judgment)</u>:  At least $1,272 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, property involved in or facilitating such offenses, or was received in exchange for the distribution of controlled substances, and was subsequently expended, spent, distributed or otherwise disposed of by the defendants, and as to which the defendants are jointly and severally liable.

B.    <u>Personal Property</u>:  All of the following firearms and ammunition, which were seized on or around July 22, 2016, from the defendants at the time of their arrests, are subject to forfeiture as property acquired with the proceeds of drug trafficking, and property used or intended to be used to facilitate drug trafficking, and are therefore subject to forfeiture under 21 U.S.C. § 853(a):

1.    North America derringer style, .22 caliber pistol, serial number C11927, together with approximately six rounds of .22 caliber ammunition; and

2.    Keltec .380 caliber pistol, serial number HBH12, together with approximately six rounds of .380 caliber ammunition.

PRELIMINARY ORDER OF FORFEITURE - 2

  C. <u>Substitute Assets:</u>  If the property and interest described above as being subject to forfeiture, as a result of any action or omission of the defendants above named:

    1. Cannot be located upon the exercise of due diligence;

    2. Has been transferred or sold to, or deposited with, a third person;

    3. Has been placed beyond the jurisdiction of the court;

    4. Has been substantially diminished in value; or

    5. Has been commingled with other property which cannot be subdivided without difficulty; the United States is authorized, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the said defendants up to the value of the forfeitable properties and interest herein.

 The Court has determined, based on the guilty pleas to Count One of the Indictment as set out in the defendants' plea agreements, that the above property is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2), and that the United States has established the requisite nexus between such property and such offense.

 The United States Marshals Service, the United States Bureau of Alcohol, Tobacco, Firearms & Explosives, and/or its agents are authorized to seize the above property, whether held by the defendants or by a third party, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

PRELIMINARY ORDER OF FORFEITURE - 3

The United States is further hereby authorized, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third-party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

The United States Attorney General (or a designee) is hereby authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the Subject Property in such a manner as the United States Attorney General (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendants, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication

PRELIMINARY ORDER OF FORFEITURE - 4

date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is final as to the defendants at sentencing and will be made part of their sentences and included in their judgments.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

PRELIMINARY ORDER OF FORFEITURE - 5



DATED: November 10, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court